Enriqueta Diaz CARPENTER, Appellant,

v.

The STATE of Texas.

Nos. 1250–97, 1251–97.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 30, 1998.

Mark Blaess, San Antonio, for appellant.

Robert Lee Little, Asst. Dist. Atty., Eagle Pass, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and KELLER, HOLLAND and WOMACK, Judges, joined.

Appellant was convicted by a jury on two counts of tampering with government documents. The Fourth Court of Appeals affirmed Appellant's conviction. *Carpenter v. State,* 952 S.W.2d 1 (Tex.App.—San Antonio pet. granted). We granted Appellant's petition for discretionary review to address whether the Court of Appeals erred [1] in holding Appellant was properly precluded from cross-examining State's witness Rudy Pete

---

1. While Appellant's ground for review is couched in terms of reviewing the trial court's evidentiary ruling, we note that the Court of Criminal Appeals is not an appellate court but a discretionary review court. We granted this petition to address an important point of law left unsettled by our opinion in *Carroll v. State,* 916 S.W.2d 494 (Tex.Crim.App.1996).

Rodrigues regarding federal conspiracy charges then pending against him.[2]

Appellant argues that evidence of the pending federal charges was admissible under this Court's decision in *Carroll v. State,* 916 S.W.2d 494 (Tex.Crim.App.1996).[3] In *Carroll,* this Court stated that "[a] defendant is permitted to elicit any fact from a witness intended to demonstrate that witness' vulnerable relationship with the State." *Carroll,* 916 S.W.2d at 500 (citing *Alford v. United States,* 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931) and *Harris v. State,* 642 S.W.2d 471, 480 (Tex.Crim.App.1982)). Relying on that language from *Carroll,* Appellant posits that the pending federal charges demonstrated Rodrigues' vulnerable relationship with the State and thus cross-examination was improperly limited. We disagree.

 Exposing a witness' motivation to testify for or against the accused or the State is a proper and important purpose of cross-examination. Parties are allowed great latitude to show "any fact which would or might tend to establish ill feeling, bias, motive and animus on the part of the witness." *London v. State,* 739 S.W.2d 842, 846 (Tex.Crim.App. 1987). The existence of pending federal charges may be relevant to establish bias or motive, as a federal defendant's "substantial assistance" in a state prosecution may result in a downward departure from the United States sentencing guidelines. *See* United States Sentencing Guidelines § 5k1.1 18 U.S.C.A. The trial judge, however, has some discretion. *Hurd v. State,* 725 S.W.2d 249 (Tex.Crim.App.1987); *Miller v. State,* 741

S.W.2d 382, 389 (Tex.Crim.App.1987), *cert. denied* 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 935 (1988). A trial judge may limit cross-examination as inappropriate for a number of reasons. *Carroll,* 916 S.W.2d at 498 (citing *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (for example, trial judge may exercise discretion to prevent harassment, prejudice, confusion of the issues, and marginally relevant interrogation)).

 In order to impeach a witness with evidence of pending criminal actions, the proponent of the evidence must establish that the evidence is relevant. *Carroll,* 916 S.W.2d at 494; *London,* 739 S.W.2d at 846–48. Appellant wished to introduce evidence that, at the time of trial, the witness in question had been charged with theft in federal court (18 U.S.C. 666) and conspiracy to possess and distribute controlled substances, in an attempt to show bias or prejudice towards the State due to a "vulnerable relationship." For the evidence to be admissible, the proponent must establish some causal connection or logical relationship between the pending charges and the witness' "vulnerable relationship" or potential bias or prejudice for the State, or testimony at trial.[4] *See, e.g., McDuff v. State,* 939 S.W.2d 607, 618 (Tex. Crim.App.1997) (permissible to show serious pending state charges against accomplice witness because such situation might have affected his testimony as a witness for the State; but impermissible to "elicit the accomplice witness's knowledge or lack of knowledge of the difference in parole eligibility minimum time periods" because it "would not

**2.** The charges in question were later dropped. *Carpenter,* at 5 n. 2.

**3.** In *Carroll,* four judges determined that the defendant should have been allowed to question a witness regarding then-pending state charges. Concurring, Judge Meyers, joined by Judge White, stated that the cross-examination should not be limited if the charges have been instituted by the same prosecuting authority:

In this case the charges pending against the State's witness originated in the same jurisdiction and were brought by the identical authorities as those for which the appellant stands accused. I therefore agree with the decision of our lead opinion to allow the defendant to use these charges for impeachment on cross-exam-

ination of this witness. However, in future contexts, should these charges emanate from another jurisdiction or authority, I would hold that release of the information to the jury is subject to a discretionary ruling of the trial court under Rule 403 of the Texas Rules of Criminal Evidence. With these additional comments, I join the opinion of the Court. The majority opinion did not address charges pending under a different prosecuting authority.

**4.** We emphasize that the proponent is not required to establish actual bias. What is required is that the proponent make a showing of the witness' potential for bias. Naked allegations which do no more than establish the fact that unrelated federal charges are pending do not, in and of themselves, show a potential for bias.

have any further shown his vulnerable relationship with the State or his potential motive, bias or interest").

Appellant has not established a causal connection or logical relationship between the pending federal charges and the witness' testimony at trial. Appellant does not argue, and the record does not demonstrate, why prosecution by the federal government for theft and conspiracy to possess and distribute controlled substances would tend to show that the witness' testimony in this unrelated state prosecution for tampering with government documents might be biased. Appellant asserts that "[i]t is possible the witness believed his testimony in this case would be of some benefit," but does not provide evidence to support her assertion. Indeed, even the testimony in support of Appellant's bill of exception does no more than establish the factual basis of the pending federal charges.[5] In addition, the federal charges pending at the time of trial arose after the witness seized the evidence that forms the basis of this case, and after the witness provided pretrial testimony. Appellant was free to use this pre-trial testimony to impeach the witness if it was inconsistent with his testimony at trial. Appellant did not show that the witness gave inconsistent testimony. The record shows that Rodrigues, a lieutenant with the Maverick County Sheriff's Department and a certified peace officer, testified regarding the process of seizing the documents with which Appellant was accused of tampering.[6] Appellant has simply not provided any indication that the pending federal charges were relevant to potential bias or prejudice. Accordingly, we hold that the Court of Appeals' determination that "there was danger that allowing such cross-examination would confuse the jury, or tempt it to use the facts developed in an improper way"[7] is sound.

The judgment of the Court of Appeals is affirmed.

MANSFIELD, J., joins the opinion of the Court and files a concurring opinion.

PRICE, J., files a concurring opinion.

BAIRD, J., files a dissenting opinion in which OVERSTREET, J., joins.

MANSFIELD, Judge, concurring.

I join the opinion of the Court. It is my opinion that appellant's right to cross-examine a State's witness concerning pending charges against the witness is implicated only where the pending charges have been brought by the same prosecutorial authority (or, perhaps, another nonfederal prosecutorial authority in Texas) which is prosecuting appellant. See *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Carroll v. State*, 916 S.W.2d 494 (Tex.Crim. App.1996) (Meyers, J., concurring, at 501). Cross-examination of the State's witness concerning the pending federal charges would possibly also be within appellant's rights under the Confrontation Clause of the Sixth Amendment where there was evidence that the State's witness would derive a benefit from the State concerning any pending State charges by testifying against appellant or where there was evidence the State agreed to tell the federal authorities the witness had

---

**5.** The testimony does not show, for example, the existence of a plea bargain agreement or negotiations, or show the witness' belief regarding the existence or non-existence of any kind of "deal." We note, however, that there are other ways to support the assertion that the witness believed testimony in this case would favorably affect the outcome of pending federal charges. It also fails to establish any connection between the state and federal charges.

**6.** Rodrigues described the layout of the court building offices; the execution of the consent to search form, which he signed as a witness; the bathroom where the box was discovered; the process of photographing the box after it was

discovered; the chain of custody of the box after it was seized; and the reports made in connection with the seizure.

**7.** The Court of Appeals pointed out that the danger of jury confusion "was perfectly illustrated at oral argument, when Carpenter's counsel argued that since the federal charges implicated Rodrigues' conduct as a peace officer, the charges were relevant to cast doubt on Rodrigues' other actions as a peace officer." *Carpenter*, at 5. Appellant could not have used the pending charges to impeach Rodrigues' credibility because there was no final conviction. *See* Tex.R. Evid. 609 (substantively identical to former Tex. R.Crim Evid. 609).

been of assistance to the State.[1] See also, *Davis v. Alaska*, 415 U.S. at 321, 94 S.Ct. 1105 (Stewart, J., concurring). The mere possibility the witness may derive a benefit under federal sentencing guidelines by testifying in a State prosecution on the State's behalf does not implicate the Confrontation Clause, based on any reasonable interpretation of the Supreme Court's holding in *Davis v. Alaska*.

I join the opinion of the Court.

PRICE, Judge, concurring.

I concur in the Court's judgment, and write separately to clarify my reasons for doing so.

The witness sought to be impeached in this case was a police officer with the Maverick County Sheriff's Department. In his capacity as a police officer, he recovered evidence in the case against appellant and testified in a pretrial hearing regarding the recovery of this evidence before he himself was indicted on unrelated federal charges of theft and conspiracy to possess and distribute controlled substances. Sometime after his own indictment, he was called to testify for the State at appellant's jury trial on the merits.

Appellant argues that she should have been permitted to impeach the officer with evidence of his pending federal charges. However, there is nothing in the record to show how those federal charges could place the officer in a vulnerable relationship with the state prosecutors who called him as a witness against appellant. Furthermore, there is nothing in the record which would establish how the officer's pending federal charges were relevant to his testimony at appellant's trial for tampering with government documents. See TEX.R. EVID. 401 & 402 (formerly TEX.R.CRIM. EVID. 401 & 402) (defining "relevance" and stating that relevant evidence is generally admissible and irrelevant evidence inadmissible); TEX.R. EVID. 611(b) (formerly TEX.R.CRIM. EVID.

610(b)) (a witness may be cross-examined on any matter relevant to any issue in the case, including credibility). Finally, although it is possible that the police officer could have possessed a knowledge of the United States Sentencing Guidelines, and thus testified against appellant in hopes of a downward departure if sentenced in his federal cases,[1] there is nothing in the record to show that he was aware of the guidelines or that he had any type of "deal" with the federal prosecutors in charge of his case. In fact, appellant never argued this point to the trial court or to this court. To the contrary, neither appellant's offer of proof to the trial court nor her brief to this court establish anything other than the fact that federal charges were pending against the officer. Given all of this, it cannot be said that the trial court abused its discretion in restricting appellant's cross-examination of the witness. See TEX.R. EVID. 611(a) (formerly TEX.R.CRIM. EVID. 610(a)) (courts shall exercise reasonable control over the mode and order of interrogation of witnesses and presentation of evidence, in order to make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time, and protect witnesses from harassment or undue embarrassment); *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (trial courts retain wide latitude to impose reasonable limits on cross-examination dealing with bias, based on concerns about harassment, prejudice, confusion of issues, witness safety, or repetitive or only marginally relevant interrogation); *Hurd v. State*, 725 S.W.2d 249, 252 (Tex.Crim.App. 1987) (citing *Delaware v. Van Arsdall*). For these reasons, I concur in the judgment of the Court.

BAIRD, Judge, dissenting.

In holding appellant was properly precluded from cross-examining the *State's witness* regarding *pending federal charges*, the majority misstates the holding in *Carroll v.*

---

1. The pending federal charges against the witness were ultimately dropped. In any event, at most, they could have been used only to show bias or motive and could not have been used to impeach the witness' credibility as there was no final conviction. See Tex.R.Crim. Evid. 609.

1. See 18 U.S.C. § 3553(e) (1998); 28 U.S.C. § 994(n) (1998); U.S. Sentencing Guidelines Manual § 5K1.1 (1998).

*State,* 916 S.W.2d 494, 497–98 (Tex.Cr.App. 1996) (holding cross-examination regarding pending charges against the State's witness is appropriate to expose a witness' *motivation* to testify).[1] *See also Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *and, Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). The majority and concurring opinions seriously misconstrue *Carroll* and disregard the import of federal law which impacts this case. Specifically, I dissent on three grounds.

## I.

The majority erroneously holds the trial judge has the discretion to limit cross-examination regarding pending criminal charges. Ante at 635. Nowhere in their opinion does the majority cite any authority for this holding. Case law is clear that a trial judge only has discretion to restrict *inappropriate* cross-examination. *Carroll,* 916 S.W.2d at 498. *See also Delaware v. Van Arsdall,* 475 U.S. 673, 682, 106 S.Ct. 1431, 1436–1437, 89 L.Ed.2d 674 (1986). This Court defined *inappropriate* cross-examination as "... cross-examination when a subject is exhausted, or when the cross-examination is designed to annoy, harass, or humiliate, or when the cross-examination might endanger the personal safety of the witness." *Carroll,* 916 S.W.2d at 498. *See also Van Arsdall,* 475

U.S. at 679, 106 S.Ct. at 1435 (trial judge has discretion to limit cross-examination to prevent harassment, prejudice, confusion of the issues, the witness' safety, and repetitive or marginally relevant interrogation). Conversely, "... the trial judge abuses [his] discretion when he limits *appropriate* cross-examination."[2] *Carroll,* 916 S.W.2d at 499. This Court expressly provided that the parameters of *appropriate* cross-examination include questions regarding a State witness' pending criminal charges:

> [t]he scope of *appropriate* cross-examination is necessarily broad. A defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias or interest for the witness to testify .... [t]his broad scope [of appropriate cross-examination] *necessarily includes cross-examination concerning criminal charges pending against a witness and over which those in need of the witness' testimony might be empowered to exercise control.*[3]

*Id.* 916 S.W.2d at 497–98. Additionally, "[t]here exists a long line of federal and state authority holding a pending criminal charge is an appropriate area of cross-examination." *Id.* 916 S.W.2d at 499. *See e.g., Alford,* 282 U.S. at 693, 51 S.Ct. at 220; *Davis,* 415 U.S.

---

**1.** The majority opinion cites *Carroll,* not for its rule of law, but for the *dicta* contained in Judge Meyers' concurring advisory opinion which states "... should these [pending] charges [of the State's witness] emanate from another jurisdiction or authority, *I would hold* that the release of the information to the jury is subject to a discretionary ruling of the trial court under rule 403 of the Texas Rules of Criminal Evidence." *Carroll v. State,* 916 S.W.2d at 501 (MEYERS, J. concurring).

Likewise, Judge Mansfield's concurrence in the instant case, cites only Judge Meyers' concurrence in *Carroll,* and not the Court's opinion. Judge Price's concurrence does not even cite *Carroll* or its underlying precedent *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931) at all.

Furthermore, the majority attempts to lessen the import of the *rule of law* announced in *Carroll* by stating only "... four judges determined ..." this holding. This is inaccurate. In fact, five judges supported the *Carroll* holding: Baird, J. authored the opinion of the Court, Clinton, Maloney, and Overstreet, J.J. joined without

comment, and Meyers, J. "concurred" with comment, but clearly stated "... *I join the opinion of the Court.*"

**2.** In *United States v. Mayer,* 556 F.2d 245 (5th Cir.1977), the Fifth Circuit explained the trial court's discretion in limiting the extent of cross-examination, and held:

> ... while the scope of cross-examination is within the discretion of the trial judge, this *discretionary authority to limit cross-examination comes into play only after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment.* Because the district court did not allow the defense sufficient inquiry into the motivation of the prosecution's chief witnesses in testifying, and consequently frustrated Mayer's attempts to fully exercise his sixth amendment rights, the trial judge never reached the point at which he had the discretion to limit the extent of cross-examination.
> [Internal citation omitted].

**3.** All emphasis mine unless otherwise indicated.

at 316–317, 94 S.Ct. at 1110–1111; *Callins v. State*, 780 S.W.2d 176, 196 (Tex.Cr.App.1986); *Carmona v. State*, 698 S.W.2d 100, 102–103 (Tex.Cr.App.1985); *Harris v. State*, 642 S.W.2d 471, 476 (Tex.Cr.App.1982) (*citing* Randle v. State, 565 S.W.2d 927 (Tex.Cr.App. 1978)); *Evans v. State*, 519 S.W.2d 868 (Tex. Cr.App.1975); *Lewis*, 815 S.W.2d at 565; and, *Miller*, 741 S.W.2d 382, 389 (1987). Since cross-examination regarding pending charges is an appropriate area of cross-examination because it exposes a witness's motive, bias or interest in testifying, it is not subject to the discretion of the trial judge. The majority errs in holding otherwise.

## II.

Second, the majority incorrectly concludes: *Appellant has not established a causal connection or logical relationship between the pending federal charges and the witness's testimony at trial.* Appellant does not argue, and the record does not demonstrate, why prosecution by the federal government for theft and conspiracy to possess and distribute controlled substances would tend to show that the witness' testimony in an unrelated state prosecution for tampering with government documents might be biased . . .,

Ante at 634–635; and, in a footnote the majority continues:

"the testimony does not show, for example, the existence of a plea bargain agreement or negotiations, or show the witness' belief regarding the existence or non-existence of any kind of "deal." We note, however,

4. For their causal connection/rational relationship argument, the majority miscites *McDuff v. State*, 939 S.W.2d 607, 618 (Tex.Cr.App.1997), with the following parenthetical:

(permissible to show serious pending state charges against accomplice witness because such situation might have affected his testimony as a witness for the State; but impermissible to "elicit the accomplice witness' knowledge or lack of knowledge of the difference in parole eligibility minimum time periods" because "it would not have any further shown his vulnerable relationship with the State or his potential motive, bias or interest").

Ante at 634. *McDuff* does *not* hold, or even suggest, that there must be a connection or relationship between the witness' pending charges and his testimony in order for those charges to be admissible on cross-examination. Rather,

that there are other ways to support the assertion that the witness believed testimony in this case would favorably affect the outcome of pending federal charges. It also fails to establish any connection between the state and federal charges."

Ante at 635, at fn. 5. This holding is problematic for several reasons.

### A.

As to the majority's first contention, neither this Court, nor the Supreme Court has ever hedged the accused's right to cross-examine a State's witness regarding pending charges on a requirement he " . . . establish some causal connection or logical relationship between the [witness'] pending charges and the witness' testimony at trial" (Ante at 634). To the contrary, the Supreme Court, in *Alford*, 282 U.S. at 693, 51 S.Ct. at 220, specifically addressed the issue of whether the witness' pending charges and the nature of his testimony need to be related, and held:

. . . Nor is it material . . . whether the witness was in custody because of his participation in the transactions for which petitioner was indicted. Even if the witness were charged with some other offense by the prosecuting authorities, petitioner was entitled to show by cross-examination that his [the witness'] testimony was affected by fear or favor growing out of his detention.

Therefore, the majority's "causal connection" or "rational relationship" requirement is wholly unsupported.[4]

*McDuff* merely explains that appellant was properly permitted to cross-examine the witness on his pending charge pursuant to *Carroll.* The ultimate holding in *McDuff* centers on an issue which has no bearing on the instant case, i.e., the issue of that same witness' knowledge of parole eligibility:

. . . appellant was able to show that since the accomplice witness had the serious pending charges, he was at least potentially beholden to some extent to the State for the disposition of those charges and that such situation might have affected his testimony as a witness for the State. Allowing him to elicit the accomplice witness' knowledge or lack of knowledge of the difference in parole eligibility minimum time periods would not have any further shown his vulnerable relationship with the State or his potential motive, bias or interest.

### B.

Second, as to the contention the witness' testimony must "... show ... the *existence of a plea bargain agreement or negotiations,* or show the witness' *belief* regarding the existence or non-existence of any kind of 'deal,' " (Ante at 635, fn. 5), case law is clear that the witness' motivation, bias or interest in testifying for the State need not be evidenced or proven, only "possible" or "potential." *Carroll,* 916 S.W.2d at 500.

On the issue of whether a witness' potential motivation, bias or interest needs to be evidenced or shown by a plea agreement or negotiations, the majority demonstrates their utter misunderstanding of the purpose of cross-examination:

> We emphasize that the proponent is not required to establish actual bias. *What is required is that the proponent make a showing of the witness' potential for bias.* Naked allegations which do no more than establish the fact that unrelated federal charges are pending do not, in themselves, show potential for bias.

Ante at 634, fn. 4. In fact, there is no requirement the accused make any *"showing"* of the [State] witness' potential for bias *before* being able to cross-examine that witness regarding his pending charges. In *Alford,* 282 U.S. at 692, 51 S.Ct. at 219, the Supreme Court explained:

> Counsel can often not know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily *exploratory;* and the rule that the examiner must indicate the purpose of his inquiry does not, in general apply. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop.

Id. *See also, Davis,* 415 U.S. at 316, 94 S.Ct. at 1110 ("[t]he partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony"). In *Carroll,* this Court reiterated that the very purpose of crossexamination regarding a witness' pending charges is to explore whether the witness has potential for bias:

> [a]ppellant's cross-examination was clearly an attempt to demonstrate that Russell [State's witness] held a *possible* motive, bias or interest in testifying for the State. Appellant's inquiry into Russell's incarceration, his *pending charge* and possible punishment as a habitual criminal, was appropriate to demonstrate Russell's *potential* motive, bias or interest to testify for the State.

*See also, Harris v. State,* 642 S.W.2d 471, 480 (Tex.Cr.App.1982). Therefore, the witness' potential for bias need not be evidenced by a plea agreement, and the majority's comment regarding appellant's lack of a plea bargain disregards what this Court held in *Carroll,* 916 S.W.2d at 500: [5]

> ... *the existence of such [a plea] agreement is not determinative.* What is determinative is whether appellant was allowed to demonstrate any possible bias or interest that [the witness] *may* hold to testify on the State's behalf. In other words, *it is possible, even absent an agreement, that [the witness] believed his testimony in this case would be of later benefit.*

Federal case law also supports the premise there need not be evidence of a plea agreement or "deal" in order for the accused to explore by means of cross-examination the possibility of an agreement. *United States v. Onori,* 535 F.2d 938, 945 (5th Cir.1976). In *Onori,* the Fifth Circuit Court of Appeals held:

> Onori and Bukky contend that the trial court committed reversible error in limiting the defense's cross-examination into the motivation and bias of the two government witnesses. The Sixth Amendment

---

*McDuff,* 939 S.W.2d at 618. When read in its entirety, and put in a relevant context, the holding in *McDuff* is of no consequence to the instant case.

**5.** Judge Price also ignores what we held in *Carroll* when he states:

"... there is nothing in the record to show that he (State's witness) was aware of the guidelines (§ 5K1.1) or that he had any type of 'deal' with the federal prosecutors in charge of his case." Ante at 634.

confrontation clause guarantees to a criminal defendant the right to cross-examine a witness against him. This right is especially important with respect to accomplices or other *witnesses who may have a substantial reason to cooperate with the government.* Indeed it is so important that the defendant is allowed to "search" for a deal between the government and the witness, even if there is no hard evidence that such a deal exists. *What tells, of course, is not the actual existence of a deal but the witness' belief or disbelief that a deal exists.* [Internal citation omitted].

*Onori,* 535 F.2d at 945. *See also, United States v. Mayer,* 556 F.2d 245 (5th Cir.1977) (". . . a defendant's right to cross-examine a witness about any deals that may have been made or any understandings that may have been reached between the government and one of its witnesses does not hinge on whether *in fact* any such deals or understandings were effected.") [Emphasis in original]

### C.

Third, the majority is incorrect the State witness' testimony must first demonstrate or "*show* " whether that witness *believes or disbelieves* there is a "deal," or even whether he *believes or disbelieves* his testimony will be of later benefit to him on his own criminal charges. Ante at 635, fn.5. This is so because appellant has a right to *explore* what the State witness believes or disbelieves in regard to his pending criminal charges in order to expose the witness' possible motive, bias or interest in testifying. In *Carroll,* 916 S.W.2d at 500, this Court explained:

> . . . it is possible, even absent an agreement, that Russell *believed* his testimony in this case would be of later benefit. As we held in *Spain v. State,*

> > . . . an effective cross-examination encompasses more than just the opportunity to elicit testimony to establish the existence of certain facts [such as the witness' belief or disbelief a deal exists]. The cross-examiner should be allowed to expose the limits of the witness' knowledge of relevant facts, place the witness in his proper setting, and test the credibility of the witness. . . .

*Carroll,* 916 S.W.2d at 500 *citing Spain v. State,* 585 S.W.2d 705, 710 (Tex.Cr.App.1979). *See also, Alford,* 282 U.S. at 692, 51 S.Ct. at 219; *Saunders v. State,* 572 S.W.2d 944, 948–949 (Tex.Cr.App.1978). Importantly, ". . . the failure to affirmatively establish the fact sought [in this case, whether the witness believed or disbelieved there was a deal] does not prevent the cross-examination from having probative value in regard to the witness' credibility." *Carroll,* 916 S.W.2d at 500 *citing Spain,* 585 S.W.2d at 710. For this reason, appellant was entitled to conduct an exploratory cross-examination regarding the witness' beliefs as to his pending criminal charges and his testimony on behalf of the State, without first proving whether the witness believed or disbelieved a "deal" existed. The majority fails to provide any support or *legal analysis* for their conclusion this established rule of law is inapplicable in the instant case.

### III.

Lastly, the majority's holding a State witness' pending federal charges are not relevant to show that witness' motivation to testify on behalf of the State in a State prosecution ignores applicable *federal law* which specifically provides the federal defendant/State's witness with *statutory motivation* to testify on behalf of the State.

### A. The Law

The United States Sentencing Guidelines § 5K1.1 provides:

> Upon motion of the government stating that the *defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense,* the court may depart from the guidelines.

> (a) the appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

> > (1) the courts evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information *or testimony* provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1, 18 U.S.C.A. It is well settled that a federal defendant's "substantial assistance" includes assistance to *State* and local authorities as well as federal authorities. The commentary following the United States Sentencing Guidelines explains:

[s]entencing guideline allowing downward departure, on motion of government, for defendant who has provided substantial assistance in the investigation or prosecution of another person *applies to assistance to any governmental authorities, including state and local authorities* ....

*Citing United States v. Love,* 985 F.2d 732 (3rd Cir.1993). *See also United States v. Lugman,* 130 F.3d 113, 114 (5th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1855, 140 L.Ed.2d 1103 (1998)(considering defendant's assistance to *"local authorities* in Texas" as potentially qualifying defendant for downward departure under § 5K1.1, but de-

ciding defendant's assistance unsubstantial); *United States v. Egan,* 966 F.2d 328 (7th Cir.1992), *cert. denied,* 506 U.S. 1069, 113 S.Ct. 1021, 122 L.Ed.2d 167 (1993) (assuming, without discussion, U.S.S.G. § 5K1.1 applies to assistance to state or local authorities as well as federal authorities); *United States v. Shoupe,* 929 F.2d 116, 120–121 (3rd Cir.1991), *cert. denied,* 502 U.S. 943, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991) (same); *United States v. Lewis,* 896 F.2d 246 (7th Cir.1990) (same).[6]

### B. Application of Law

Appellant sought to cross-examine the federal defendant/State witness regarding his pending federal charge to expose any possible motive, bias, or interest the witness may have in testifying for the State. The majority holds the federal defendant/State witness has no motive, bias, or interest in testifying for the State because the witness does not have a "vulnerable relationship" with the State.[7] Although applicable in *Carroll,* the "vulnerable relationship" inquiry is not the only means by which a State witness' motive, bias or interest in testifying can be established.

The State's witness in the instant case has pending *federal* charges which do not create a "vulnerable relationship" between the witness and the State. However, § 5K1.1 is the

---

6. The majority opinion, as well as Judge Price's concurring opinion addresses our argument that § 5K1.1 provides statutory motivation for a federal defendant/State witness to testify by admitting:

1) *the existence of pending federal charges may be relevant to establish bias or motive,* as a federal defendant's 'substantial assistance' in a state prosecution may result in a downward departure from the United States sentencing guidelines;

(Ante at 634) and,

2) *it is possible* that the police officer could have possessed a knowledge of the United States Sentencing Guidelines, and thus *testified against appellant in hopes of a downward departure* if sentenced in his federal cases ...

Ante at 636 (PRICE, J. concurring). Even with these written admissions, both opinions conclude § 5K1.1 does not establish motivation, such as this Court recognized in *Carroll,* in the instant case.

All the same, the opinions in this case evidence that a majority of this Court obviously agrees § 5K1.1 serves to make the State witness' pend-

ing federal charges "relevant" to establish "bias or motive," and/or made the witness testify "in hopes of a downward departure." Therefore, I fail to see how the majority and concurring opinions can ignore case law from this Court and the United States Supreme Court which *mandate* appellant be entitled to cross-examine the witness regarding his pending charges to expose potential motive or bias on the part of the defendant/testifying witness. Particularly, the majority *is wrong to deny appellant the right to cross-examine the State's witness* regarding his pending federal charges in order to expose the potential motive created § 5K1.1 of the United State Sentencing Guidelines which provides the federally charged defendant with a motive to testify for any authority, including the State.

7. In *Carroll,* this Court held Carroll was permitted to cross-examine the State's witness, who had State charges pending against him, and to expose any possible motive, bias or interest the witness had, and "... to elicit any fact from [the] witness intended to demonstrate that witness' vulnerable relationship with the State." *Carroll,* 916 S.W.2d at 500.

**642**

nexus which links the witness' federal charges with his testimony in the State prosecution. Section 5K1.1 provides statutory motive, bias and interest in that it offers a federal defendant/State's witness the possibility of a lesser sentence on his *federal charges* in return for his testimony and cooperation with *State authorities* in the *State prosecution.* Therefore, § 5K1.1 necessarily produces the same kind of motivation and bias we recognized in *Carroll.* As long as § 5K1.1 is law, cross-examination regarding a State witness's pending federal charges will always be "appropriate."

### IV.

The rule of law announced in *Carroll,* namely that pending criminal charges are an *appropriate* area for cross-examination to demonstrate any possible motive, bias or interest the State's witness may have in testifying, is applicable to the instant case because § 5K1.1 of the federal sentencing guidelines creates direct, *statutory* motivation. The majority opinion not only declines to follow *Carroll* and ignores this applicable federal law; it creates its own law, without any supporting authority whatsoever. *Davis, Alford,* and *Carroll* held a trial judge abuses his discretion if he limits cross-examination regarding a witness' pending charges because such cross-examination is protected by the Constitution and always "appropriate" to expose the witness' possible motive, bias or interest. However, the majority opinion holds cross-examination regarding a witness' pending charges is within the sound discretion of the trial court.

Because the majority opinion fails to recognize § 5K1.1 as providing the same statutory motive, bias and interest for a federal defendant/State witness that we recognized in *Carroll,* completely misconceives this Court's opinion in *Carroll,* and creates unprecedented rules of law in opposition to precedent, I dissent.

OVERSTREET, J. joins.

