# NO. 12-15-00123-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL MCKNIGHT,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Michael McKnight guilty of sexual assault and assessed a punishment of imprisonment for nine years. In a single issue, Appellant challenges the trial court's limitation of his cross-examination of a State's witness. We affirm.

## BACKGROUND

T.F. testified that she met Appellant at a bar, which he owned, to discuss potential employment. At Appellant's request, T.F. prepared two mixed drinks. She testified that Appellant also gave her a "shot," another mixed drink, and marihuana. T.F. testified that she felt dizzy, confused, and unlike herself. At some point, she found herself unclothed and on a mattress. She could not recall how she got there and she could not move. However, she remembered being sexually assaulted by Appellant and an Hispanic male.

Gilberto Cortez, who initially denied participating in the assault, admitted to sexually assaulting T.F. On the night of the offense, Cortez saw T.F. prepare drinks at the bar and carry the drinks upstairs, followed by Appellant. When Cortez later went upstairs, he saw Appellant sexually assaulting T.F. Cortez described T.F. as dazed, confused, and unaware of what was happening. After Appellant assaulted T.F., Cortez sexually assaulted her. Cortez testified that T.F. was "out of it." T.F. testified that Appellant sexually assaulted her a second time after the

assault by Cortez.  Cortez testified that he received deferred adjudication for pleading guilty to assaulting T.F. and that, as part of his plea bargain with the State, he agreed to testify against Appellant.

**LIMITATION OF CROSS-EXAMINATION**

In his sole issue, Appellant maintains that the trial court improperly limited his cross-examination of Cortez.  According to Appellant, he should have been allowed to question Cortez about his deferred adjudication for sexual assault of a child in an unrelated case.  He argues that Cortez's deferred adjudication provided Cortez with motivation to cooperate with law enforcement and admit involvement in the assault against T.F.

**Standard of Review**

The trial court's limitation of appropriate cross-examination violates a person's constitutional right to confront witnesses.  *See* ***Carroll v. State***, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996).  The defendant may pursue all avenues of cross-examination reasonably calculated to expose a witness's motive, bias, or interest for testifying.  ***Id***.  Nevertheless, the trial court may limit inappropriate cross-examination, such as when a subject is exhausted, cross-examination is designed to annoy, harass, or humiliate the witness, or cross-examination might endanger the witness's personal safety.  ***Id***. at 498.  We review the trial court's limitation of cross-examination for abuse of discretion.  ***Id***. at 499.

**Facts**

At trial, Appellant sought to question Cortez about his deferred adjudication for sexual assault of a child in an unrelated case.  During a "bill of review hearing," Cortez testified that, at the time of the offense in this case, he was on deferred adjudication for sexual assault of a child and is a registered sex offender.  He admitted his consumption of alcohol and presence at the bar on the night of the offense against T.F. violated the conditions of his deferred adjudication.  He reported neither violation to his community supervision officer.  When he interviewed with police regarding the assault of T.F., he knew he could get in trouble for violating his deferred adjudication.  He also knew that Appellant was the focus of the investigation in the sexual assault case relating to T.F.  Nevertheless, Cortez confessed to sexually assaulting T.F.  Although he knew his deferred adjudication might be revoked, he denied cooperating with police

2

out of fear of revocation. Cortez completed his deferred adjudication for sexual assault of a child before the trial commenced.

Appellant argued that Cortez's testimony was admissible to show motive or bias to provide a statement to police in the case against Appellant. The State argued that Cortez's completed deferred adjudication was irrelevant and could not be used for impeachment. The trial court sustained the State's objections and declined to allow Appellant to question Cortez about his deferred adjudication for sexual assault of a child.

## Analysis

A proper purpose of cross-examination includes exposing a witness's motivation to testify for or against the state. *Carpenter v. State*, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998). A witness who may be on community supervision, have pending charges, be in the country illegally, or have some other "vulnerable status" with the state, is not automatically subject to cross-examination by virtue of that status. *Irby v. State*, 327 S.W.3d 138, 151-52 (Tex. Crim. App. 2010). Evidence of a witness's "vulnerable status" is "not relevant for purposes of showing bias or a motive to testify absent some plausible connection between that fact and the witness's testimony." *Id.* at 149.

The record does not indicate that Cortez expected to receive favorable treatment in his deferred adjudication case in exchange for his cooperation with the State. Nor does the record indicate that Cortez cooperated out of fear of revocation. The mere fact that Cortez was on deferred adjudication when he gave his statement to police is insufficient to establish a potential bias or motive to testify at trial. *See id.* at 140. Accordingly, we conclude that Appellant failed to establish a causal connection or logical relationship between Cortez's deferred adjudication status and his trial testimony. The trial court did not abuse its discretion by limiting Appellant's cross-examination of Cortez to exclude evidence regarding Cortez's completed deferred adjudication in an unrelated case for sexual assault of a child. *See Carroll*, 916 S.W.2d at 499. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's single appellate issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

3

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 27, 2016

NO. 12-15-00123-CR

**MICHAEL MCKNIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31107)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*