**Affirmed and Memorandum Opinion filed July 3, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00327-CR

---

**BILLY SHAWN CHAUNCEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1546433**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Billy Shawn Chauncey of aggravated assault with a deadly weapon. The trial court assessed punishment and sentenced appellant to confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. From that judgment, appellant timely brought this appeal. We affirm.

In two issues, appellant complains the trial court erred by refusing to allow him to question Justin Brown, a State's witness, about the fact that Brown was on deferred adjudication community supervision, referred to as "probation" by appellant, for offenses committed in the same transaction for which appellant was on trial.[1] The record reflects that before opening arguments, the State made an oral motion in limine regarding the punishment Brown received. The following exchange then occurred:

> [Defense Counsel]: And, Judge, I have no problem of the jury not knowing he is on probation, but I think it is very pertinent and relevant to know that -- I mean, he's still got a foot in the flames here that the State could file to further incarcerate him should they deem that appropriate; not obviously for the testimony he gives, but that he's not completely out of the woods. He has an incentive to cooperate fully with the State.

> THE COURT: Can you further articulate that?

> [Defense Counsel]: Well, Judge, let me think of the best way to say it is. I think a jury could make a reasonable inference that if he suddenly were to turn against the State and say things that were not favorable to the State's case that they could find technical reasons to file on him for violations. And so there is a very big incentive for that defendant to cooperate and give evidence favorable to the State.

> THE COURT: What is your response to that?

> [Prosecution 1:] State has offered nothing to the defendant to testify at any point and the same statements that he made during his P.S.I. is the same thing that he said to me when I talked to him in person. And I relayed that to Defense Counsel. There has been no promises of any leniency in any future anything for the defendant. And I would object to getting into that in front of the jury.

> [Prosecution 2]: And it is my understanding from what [Prosecution 1] told me, that he told [Prosecution 1] that he just feels bad about his part in it and wants to, you know, a chance kind of to be

---

[1] Because appellant's issues do not necessitate a full recitation of the facts of the offense, we omit any discussion of them.

heard, not -- but, you know, [Prosecution 1] didn't threaten him with anything with regard to his deferred.

  [Defense Counsel]: And for the record, I am not saying that the Prosecution has done that. And please don't think that I did say that. However, I think that that is a reasonable inference that would go unspoken to the credibility of this witness and motive to say -- I don't even care if they know that he's on probation.

The trial court tabled the issue until the next day when Brown was to testify.

Prior to Brown's testimony, the matter was again addressed:

  THE COURT: We are on the record outside the presence of the jury, coming back for consideration on an issue raised yesterday by Defense regarding the State's upcoming witness Justin Lee Brown who was charged as a co-defendant in this case and pled to a P.S.I. hearing in front of this Court last summer.

  [Defense counsel], why don't you go ahead and put your argument on the record.

  [Defense Counsel]: Yes, Judge. I think that the fact that the co-defendant is on probation out of the same court for the same offense is relevant. I think it goes to show that he is in a vulnerable relationship with the State in this matter.

  I believe that the case that the State is relying on, *Irby v. State*, is factually different than this case. That was dealing with juvenile records out of a separate transaction. And so that, I believe that the fact that there is bias should be -- the fact of whether or not there is bias should be a question for the jury to decide and not for the Court.

  THE COURT: And going to your point about vulnerable status, how is he any more vulnerable than any other person giving sworn testimony while on a deferred?

  [Defense Counsel]: Judge, I don't believe that he is more vulnerable than anybody on a deferred, but I believe the facts are such that being on a deferred or having pending criminal charges does, in fact, make individuals have a vulnerable relationship with the State.

  THE COURT: Okay. And is there, State, any agreement with this witness?

3

[Prosecution 2]: No, there has been no agreement with this witness.

THE COURT: Is there even any pending situation where there could arguably be some want of something by this witness from the State?

[Prosecution 2]: No, there isn't. There were no discussions prior to his plea about him testifying. I don't think there was any consideration of him testifying until last week, long after he had already pled to the P.S.I.

THE COURT: I am taking judicial notice of court records regarding the plea of Justin Lee Brown. There was a plea without agreed recommendation to a presentence investigation hearing. There is an along-with stipulation on there that witness, the defendant at the time, Justin Lee Brown, swore to. I do not see on the plea papers anywhere, any type of agreement that the State would waive jury and let it go without agreed recommendation in exchange for truthful testimony. So nothing on the face of the papers indicates that that was the case.

[Defense counsel], you don't have anything to the contrary on that, do you?

[Defense Counsel]: No, Judge, I don't.

THE COURT: State, anything else you would like to put on regarding this and the legal situation on it?

[Prosecution 2]: Well, I think *Irby* states just because somebody has a probation or a pending charge it isn't a cloud over them that always proves motive or bias. There has to be some demonstrated connection. And I don't believe that's been made in this case.

THE COURT: Okay. What I see with respect to this particular witness is that he is vulnerable, the way lots of witnesses are vulnerable, in that they are currently on a deferred, which means that picking up a new law violation places them in a different status than somebody who just picks up a new law violation. But I don't see that as special or enhanced in some way because he is a co-defendant on the case. I don't see that there is any quid pro quo anticipated before the plea or I have no evidence that there has ever been any quid pro quo on it.

He did make a sworn statement during the course of his plea regarding his involvement with this defendant on trial, Mr. Chauncey, in this case and so he has already made a sworn statement subject to the penalties of perjury, which was abundantly clear to him at the time he made that sworn statement.

So I don't see that he is in any particularly vulnerable position relative to anybody else who is on deferred. So I don't see that showing has been made at this time. I am not going to allow Defense to get into the status of deferred.

At the conclusion of Brown's testimony, appellant made a bill of exception, set forth in its entirety below:

[Defense Counsel] Sir, did you -- are you currently on deferred probation out of this court out of this transaction?

[Brown] Yes.

[Defense Counsel] And are you aware that if the State, the Prosecution, found a technical reason to violate your probation, they could file a motion with the Court and ultimately attempt to get you sent to prison for this?

[Brown] No, I was not aware of that.

[Defense Counsel] You are not aware that they can file a motion to revoke your probation?

[Brown] No.

[Defense Counsel]: I guess I got nothing else then, Judge.

In his first issue, appellant asserts that he was denied the right to effectively cross-examine Brown. Issue two claims appellant was denied the constitutional right to effectively confront Brown.

An argument that evidence should have been admitted because it was offered to attack the credibility of the complainant may involve both the Confrontation Clause and the Rules of Evidence. *Johnson v. State*, 490 S.W.3d 895, 909 (Tex. Crim. App. 2014). In this case, appellant failed to preserve error based on the

5

Confrontation Clause. Generally, to preserve a complaint for appellate review, a party must have presented the trial court with a timely request, objection, or motion stating the specific grounds for the ruling sought. Tex. R. App. P. 33.1(a); *Cockrell v. State,* 933 S.W.2d 73, 88–89 (Tex. Crim. App. 1996). Even constitutional error may be waived without proper preservation. *See Wright v. State,* 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). A failure to specifically object under the Confrontation Clause at trial waives the argument on appeal. *Id.*; *see also Dewberry v. State,* 4 S.W.3d 735, 752 & n. 16 (Tex. Crim. App. 1999); *Walker v. State,* 180 S.W.3d 829, 834 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The discussions before Brown testified and the bill of exception failed to apprise the trial court of appellant's claim that the evidence was admissible pursuant to the Confrontation Clause. Because it was not preserved for our review, we overrule issue two.

Our consideration of issue one is therefore limited to whether the trial court erred in failing to admit the evidence in question. We review a trial judge's decision on the admissibility of evidence under an abuse of discretion standard. *Tillman v. State,* 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Martinez v. State,* 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *De la Paz v. State,* 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

To be admissible, appellant was required to establish a causal connection or logical relationship between the evidence that Brown had received deferred adjudication community supervision and his testimony at trial. *See Molina v. State,* 450 S.W.3d 540, 551 (Tex. App.—Houston [14th Dist.] 2014, no pet.)

(citing *Carpenter v. State,* 979 S.W.2d 633, 634–35 (Tex. Crim. App. 1998)). Appellant is not required to show actual bias, but must make a showing of Brown's potential for bias. *Id.* (citing *Carpenter,* 979 S.W.2d at 634 n. 4.)

The purported bias presented to the trial court was the State's ability to "revoke" Brown's community supervision.[2] Brown, however, stated that he was unaware of that possibility. Even so, "a 'vulnerable relationship' based on a witness's pending charges or probationary status does not hover cloud-like in the air, ready to rain down as impeachment evidence upon any and all such witnesses. There must be some logical connection between that 'vulnerable relationship' and the witness's potential motive for testifying as he does." *Irby v. State,* 327 S.W.3d 138, 147–48 (Tex. Crim. App. 2010).[3]

As in *Carpenter,* there are no additional facts of a deal between Brown and the State. 979 S.W.2d at 634. Thus there is no logical connection between Brown's deferred adjudication and his possible motive to curry favor with the prosecution. *See id.* Defense counsel failed to show a logical connection between the fact or condition that *could* give rise to a potential bias or motive, the deferred adjudication, and the existence of any bias or motive to testify. *See id.* The deferred adjudication was therefore irrelevant. *See id.* The mere fact that a witness is a probationer whose guilt has not yet been adjudicated does not make evidence of that fact "always automatically relevant to show a witness's possible bias and motive to testify favorably for the State." *Irby,* 327 S.W.3d at 148. We therefore conclude the trial judge did not abuse his discretion in excluding evidence that Brown was on deferred

---

[2] In actuality, the State would file a motion to proceed with adjudication of guilt.

[3] We reject appellant's argument that *Irby* is not applicable to the case at bar. While the facts in that case vary from those in the instant case, *Irby's* discussion of the requisite connection between the alleged vulnerable relationship and the witness's potential motive for testifying is clearly not limited to any particular set of facts.

adjudication community supervision. Issue one is overruled and the judgment of the trial court is affirmed.

/s/ John Donovan
   Justice

Panel consists of Justices Christopher, Donovan and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).