**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert David Nolen, Appellant.

Appellate Case No. 2019-000591

———————

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-001
Heard November 17, 2022 – Filed January 4, 2023

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Robert David Nolen appeals his convictions and concurrent sentences of life imprisonment for three counts of murder, thirty years' imprisonment for attempted murder, five years' imprisonment for threatening the life of a public official, and possession of a weapon during the commission of a violent crime (for which no sentence was imposed pursuant to section 16-23-490(a) of the South Carolina Code (2015)).

Nolen argues that the trial court erred in limiting his cross-examination of the only witness who was present at the time of the shootings. That witness admitted recreationally firing weapons in the hours leading up to the shootings. Nolen contends the fact the witness was not charged with a crime even though federal law prevented the witness from possessing a firearm is evidence of bias that he should have been allowed to explore during cross-examination.

The standard of review is highly deferential. "This [c]ourt will not disturb a trial court's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion." *State v. Gracely*, 399 S.C. 363, 371, 731 S.E.2d 880, 884 (2012); *see also State v. Perez*, 423 S.C. 491, 496-97, 816 S.E.2d 550, 553 (2018) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or is based on findings of fact that are without evidentiary support."). Cross-examination implicates the Confrontation Clause. There, the question "is whether there has been any interference with the defendant's opportunity for effective cross-examination at trial." *State v. Gillian*, 360 S.C. 433, 450, 602 S.E.2d 62, 71 (Ct. App. 2004), *aff'd as modified*, 373 S.C. 601, 646 S.E.2d 872 (2007).

There is no doubt that evidence "[a] witness could be but has not yet been charged with a crime" is evidence of bias. 1 *McCormick on Evidence* § 39 (Kenneth S. Broun et al., eds., 8th ed.), Westlaw (database updated July 2022). A learned treatise posits that three circumstances increase the likelihood that potential criminal exposure will be admissible for impeachment: the strength of the potential criminal case against the witness, the degree to which the prosecution has control over the pending charges, and whether the prosecution and the witness have begun to negotiate for possible leniency. Roger Park and Tom Lininger, *The New Wigmore. A Treatise on Evidence: Impeachment and Rehabilitation* § 6.3.9, (1st ed. 2023 Cumulative Supplement), Westlaw WIGEVIMP. The same treatise explains this sort of evidence is analyzed on a case-by-case basis and that admissibility depends on the circumstances. *Id*. In other words, the bare fact that the witness has potential criminal exposure does not automatically result in the potential charge being admitted as evidence. *Id*.

Here, we find no abuse of the trial court's discretion. First, we note that the witness's potential criminal exposure is in another jurisdiction. It is of course true that the solicitor could have discussed the witness's cooperation (or lack of cooperation, if applicable) with the United States Attorney's office, but the record reflects that no such communication occurred. This substantially reduces the likelihood that the witness testified in order to curry favor with the State.

Next, we note the witness's testimony that he had no communication with any authorities regarding any investigation against him or potential charges against him. He testified, and the solicitor testified, that there had been no negotiations and no reference to criminal charges against the witness.

Our supreme court found in *State v. Dickerson* that a trial court did not abuse its discretion by limiting cross-examination of the State's witness when the proffered cross-examination did not elicit any fact that suggested bias or motive to lie. 395 S.C. 101, 117-18, 716 S.E.2d 895, 904 (2011). Other authorities recognize the trial court's discretion in this area. *See Carpenter v. State*, 979 S.W.2d 633, 634-35 (Tex. Crim. App. 1998) (citing cases and holding the trial judge properly barred questioning about unrelated federal charges).

Nolen relies on *State v. Nash*, 475 So. 2d 752 (La. 1985). There, the witness committed an offense in Louisiana while on parole for a crime committed in another state. *Id*. at 754. The Louisiana Supreme Court held the witness's desire to avoid the revocation of his parole in another state as well as *prosecution by Louisiana officials* was evidence of bias. *Id*. at 755-56. That is a meaningful difference from the circumstances presented here. *Dickerson*, the authorities cited above, and the reasons given above support the trial court's finding that this witness's potential criminal exposure had marginal value and that the circuit court did not abuse its discretion. Not only does this case concern different jurisdictions, but the record suggests there had never been any indication of criminal charges possibly being brought against the witness throughout the significant amount of time between the shooting and the trial and there were no negotiations whatsoever.

We also find the trial court did not interfere with Nolen's opportunity for effective cross-examination. *See State v. Mizzell*, 349 S.C. 326, 331, 563 S.E.2d 315, 317 (2002) (stating a defendant may show a violation of the Confrontation Clause by showing he was prohibited from appropriate cross-examination designed to show bias and to expose facts from which jurors could appropriately draw inferences relating to the witness's reliability); *id*. ("The trial [court] retains discretion to impose

reasonable limits on the scope of cross-examination."). As discussed above, Nolen's requested cross-examination did not reveal any evidence of bias beyond the naked fact that the witness had potential criminal liability and had never discussed this potential liability with any prosecuting authority. Our review of the record reveals Nolen was able to effectively attack the witness's credibility in other ways during his cross-examination, including pointing out various statements the witness made that were inconsistent with his trial testimony. Thus, the trial court did not violate the Confrontation Clause by limiting Nolen's cross-examination.

For the foregoing reasons, Nolen's convictions and sentences are

**AFFIRMED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**