Timothy O'Neal **STEVENSON**,
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 01–98–00392–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 1999.

Kurt B. Wentz, Houston, for Appellant.

William Delmore, III, Assistant District Attorney of Harris County, John B. Holmes, District Attorney of Harris County, Houston, for State.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.[1]

## OPINION

ADELE HEDGES, Justice.

A jury found appellant, Timothy O'Neal Stevenson, guilty of aggravated robbery, and after appellant pled true to an enhancement allegation, the jury assessed punishment of 20 years in prison. We affirm.

## BACKGROUND

On January 6, 1997, appellant and Jason Boyd had discussed a robbery while at Jason's mother's apartment. They were joined at the apartment by Wid Seward and Angel Denman. All four left the apartment and went to the Pizza Hut. Appellant, Jason, and Wid entered the Pizza Hut wearing ski masks, while Angel waited outside in the car. Appellant and Wid carried pistols as they entered. Appellant, Jason, and Wid held the restaurant manager at gun point and ordered the other employees and customers to lay on

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

the floor. They stole the wallets of several of the employees and customers and took $1200 from the Pizza Hut safe.

After the robbery, the group left the scene in Angel's car. They hid their masks and guns in some bushes and then went to the Boyd's apartment to split the money.

Mark Medlock was a customer of Pizza Hut that evening. He testified that the voice of one of the men sounded familiar. Although he did not recognize the voice at the time, he told police shortly after the robbery that it was appellant's voice.

Appellant's first trial on this charge resulted in a mistrial.

## RIGHT TO CONFRONT WITNESSES

■ In points of error one through four, appellant argues that the trial court deprived him of his Sixth Amendment right to confrontation of witnesses when it sustained the State's relevance objections to four questions propounded to Jason regarding Jason's prior misconduct.

Jason testified both as an accomplice witness in the State's case, and during appellant's presentation of his defense. On redirect examination as a defense witness, appellant asked Jason: (1) about his problems at school; (2) about his impulse control disorder; (3) whether he had been "kicked out of school;" and (4) whether he tended to get in trouble. The trial court sustained the State's objections to each question on the grounds of relevance. Appellant then made a bill of exception. On appeal, appellant contends that Jason's affirmative answers to the questions were relevant to show that Jason was the "ringleader" in the robbery, thereby rebutting the State's attempts to show that appellant was the "ringleader."

■ The constitutional right of confrontation is violated when appropriate cross-examination is limited. *Carroll v. State,* 916 S.W.2d 494, 497 (Tex.Crim.App. 1996) (citing *Hurd v. State,* 725 S.W.2d 249, 252 (Tex.Crim.App.1987)). Appropriate cross-examination includes all avenues reasonably calculated to expose a motive,

bias, or interest for the witness to testify. *Carroll,* 916 S.W.2d at 497 (citing *Lewis v. State,* 815 S.W.2d 560, 565 (Tex.Crim.App. 1991)).

■ A trial court may permissibly limit the scope of cross-examination to prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation. *Carroll,* 916 S.W.2d at 498 (citing *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986)). Cross-examination may also be limited if it is not calculated to reveal bias or motive to testify falsely. *See Carroll,* 916 S.W.2d at 498.

Appellant never argued that the questions were intended to reveal any motive, bias, or interest on the part of Jason to testify against appellant. Rather, appellant argued that the questions were relevant because the answers would have shown Jason's "behavioral problems," and how his problems caused "him to get in trouble." According to appellant, this evidence showed that Jason was the "ringleader," not appellant.

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R. EVID. 401. Evidence that is not relevant is not admissible. TEX.R. EVID. 402.

The testimony appellant sought from Jason was not relevant. Appellant was indicted for aggravated robbery, and the jury charge included an instruction that appellant could be found guilty as a party. Therefore, it was irrelevant who the ringleader was because the jury was authorized to convict appellant as a party. Further, to the extent appellant contends that the exclusion of this testimony affected his punishment, appellant was not precluded from offering it during the punishment phase. In fact, appellant never attempted

to reintroduce this evidence at punishment.

We conclude that the trial court did not err in disallowing Jason to answer appellant's four propounded questions about Jason's past. Appellant's right of confrontation was not implicated.

We overrule points of error one through four.

## CORROBORATION OF ACCOMPLICE TESTIMONY

■ In point of error five, appellant complains that there is insufficient evidence to support his conviction because the testimony of Jason was not adequately corroborated. During the guilt-innocence phase, Jason provided testimony which implicated appellant in the Pizza Hut robbery. The gist of Jason's testimony was that he and appellant together committed the robbery at the Pizza Hut.

■ The parties do not dispute that Jason is an accomplice witness. Article 38.14 provides:

A conviction cannot be had upon the testimony of any accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). Evidence that a defendant was in the company of the accomplice at or near the time or place of a crime is proper corroborating evidence. *Cockrum v. State,* 758 S.W.2d 577, 581 (Tex.Crim.App.1988). A witness's identification of a defendant's voice may be sufficient if, on a prior occasion, the witness had been in the defendant's presence and heard his voice. *See Manemann v. State,* 878 S.W.2d 334, 338 (Tex.App.—Austin 1994, pet. ref'd).

In the present case, Jennifer Boyd, Jason's sister, testified that appellant was at the Boyd's home with Jason, Angel, and Wid shortly before the Pizza Hut robbery. According to Jennifer, when the group left the house, they said that "they were going to rob some store." Jennifer was also present when the group returned to the Boyd's home to divide up the money. Mark Medlock, a Pizza Hut customer the night of the robbery, testified that he had been acquainted with appellant since elementary school and that they attended Katy High School at the same time. He thought appellant's voice sounded familiar when he heard appellant shout at one of the Pizza Hut employees. Shortly after the robbery, Medlock realized that it was appellant's voice he had heard. He then informed the police of appellant's identity.

Jennifer's testimony placing appellant in the company of his accomplices shortly before the robbery and Medlock's voice identification of appellant constituted adequate corroboration of Jason's testimony implicating appellant.

We overrule point of error five.

## CHARGE ON ACCOMPLICE TESTIMONY

■ In point of error six, appellant argues that the trial court erred by not granting his requested charge on corroboration of accomplice witness testimony at the punishment phase of his trial.

During the punishment phase, Angel testified as to an extraneous robbery involving appellant, which occurred at a Papa John's Pizza restaurant. She testified that appellant, Jason, and two other men came to her residence after the Papa John's robbery. While in her bedroom, they divided the money taken during the robbery. After they left, she discarded some checks payable to Papa John's that they had left behind. According to Angel, she did not participate in the robbery of Papa John's.

Appellant requested that the jury be given an instruction on corroboration of accomplice witness testimony. He also requested that the jury be instructed that Angel was an accomplice as a matter of law, or that the jury be given the opportunity to find that she was an accomplice as

a matter of fact. The trial court denied appellant's requests.

The court of criminal appeals has consistently held that the corroboration requirements of Article 38.14 do not apply to the testimony of an accomplice witness that is offered to prove extraneous offenses at the punishment stage of a capital murder trial. *Jones v. State,* 982 S.W.2d 386, 395 (Tex. Crim.App.1998); *Thompson v. State,* 691 S.W.2d 627, 633 (Tex.Crim.App.1984). We see no reason why the same rule should not apply during the punishment phase of trials involving non-capital offenses.

Therefore, we need not decide whether Angel qualifies as an accomplice witness with regard to her testimony about the extraneous robbery of the Papa John's Pizza restaurant. We hold that Article 38.14 does not require an instruction in the punishment charge on corroboration of accomplice witness testimony. The trial court's decision to not submit such an instruction was not error.

We overrule point of error six.

We affirm the judgment of the trial court.