COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-338-CR
  
  
ANTHONY 
STEVEN SINGH                                                     APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
 
I. Introduction
        A 
jury convicted Appellant Anthony Steven Singh of indecency with a child by 
contact, and the trial court sentenced him to twenty-five years’ 
confinement.  In two points, Singh complains that the trial court erred by 
refusing to allow a State’s witness to be cross-examined concerning her 
pending criminal charges and by overruling defense counsel’s objection to a 
portion of the prosecutor’s closing argument.  We will affirm.
II. Factual 
Background
        J.B. 
is a female minor[1] who lives in Seagoville with her 
mother and grandparents.  She spent most of the day on December 25, 2002 
(Christmas Day) at home opening presents, eating, and enjoying the 
holiday.  Tiffany Nichols, J.B.’s cousin, invited J.B. to spend the night 
with her in Arlington.  Tiffany lived with her boyfriend, Steve, and his 
mother, Linda.
        That 
night, J.B., Tiffany, Steve, and Linda opened presents, cooked food, and watched 
a movie.  Linda’s boyfriend, Singh, arrived later in the evening.  
J.B. had met Singh on one previous occasion at her aunt’s house during 
Thanksgiving.  At the conclusion of the movie, Steve escorted Tiffany to an 
upstairs bedroom and left J.B. on the couch with the remote to the television; 
Linda and Singh had retired to Linda’s bedroom earlier.  Wearing sweat 
pants, a t-shirt, and underwear, J.B. fell asleep alone on the couch with a 
blanket and two couch pillows.
        J.B. 
awoke the following morning because Singh was kissing her ear, cheek, and lips 
and touching her breast, leg, and stomach.  Singh touched J.B.’s stomach 
under her clothing and her breast and leg over her clothing.  Singh stopped 
and went to a bedroom only to return and continue this same line of 
conduct.  Singh attempted to touch J.B.’s breast under her clothing, but 
J.B. turned over on her side, crying, and told him to quit.  At this point, 
Singh told J.B. not to tell anyone, and then he left.
        J.B., 
crying, laid on the couch for a while before going upstairs to sleep on a sofa 
in the same bedroom where Tiffany and Steve were sleeping.  J.B. awoke 
later and told Tiffany and Steve what Singh had done.  Shocked and 
surprised, they informed Linda and then called Singh at work.  Singh stated 
that he had tried to wake J.B. in order to give her a pillow that had fallen on 
the floor.
        Tiffany 
took J.B. to her mother, who was at work, and J.B.’s mother later took J.B. to 
the Arlington Police Department to report the incident.  J.B. later gave a 
statement and identified Singh from a photo spread.  Officers subsequently 
arrested Singh.
III. Limited 
Cross-Examination
        In 
his first point, Singh argues that the trial court erred by refusing to allow 
defense counsel to cross-examine Tiffany about criminal charges pending against 
her in Collin County. The State maintains that the trial court did not abuse its 
discretion because there is no evidence in the record that the pending charges 
generated bias in favor of the State.
        A. Standard of Review
        We 
review a trial court’s ruling admitting or excluding evidence for an abuse of 
discretion.  Prystash v. State, 3 S.W.3d 522, 527 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1102 (2000); Montgomery v. State, 
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  Appellate 
courts should give great discretion to the trial courts in matters of relevancy, 
reversing only if the trial court acts outside “the zone of reasonable 
disagreement.”  Montgomery, 810 S.W.2d at 391.  Thus, so long 
as the trial court’s decision to admit or exclude evidence falls in the zone 
within which reasonable minds may differ, appellate courts should refrain from 
disturbing the trial court’s decision on appeal.  Id.; Karnes 
v. State, 127 S.W.3d 184, 189 (Tex. App.—Fort Worth 2003, no pet.).
        B. No Evidence of Bias
        The 
following exchange took place between Tiffany and defense counsel outside the 
presence of the jury:
  
[Defense counsel]: Well, what - - what I’m asking is, do you know whether or 
not these two prosecutors or anybody in this DA’s office here has made any 
contact - -
 
[Tiffany]: 
With the ones in Collin County.
 
[Defense 
counsel]: To maybe help you out on your case just a little bit.
 
[Tiffany]: 
No.
 
[Defense 
counsel]: You don’t know if that’s happened or hasn’t happened?
 
[Tiffany]: 
No.
 
[Defense 
counsel]: Okay
 
[Tiffany]: 
I mean, I - - I don’t know if it’s happened, but I’m pretty sure that it 
hasn’t.
 
[Defense 
counsel]: Okay.
 
[Tiffany]: 
Or else my lawyer would say something to me about it.
 
[Defense 
counsel]: Okay. Would you like for that to happen?
 
[Tiffany]: 
No.
 
[Defense 
counsel]: You don’t want them to call the Collin County DA’s office to say, 
“Hey, she testified. Won’t you help her out a little bit”?
 
[Tiffany]: 
No.
 
[Defense 
counsel]: Why not?
 
[Tiffany]: 
Because that’s my problem, and that’s what I got in trouble for, so I have 
to - - I don’t want other people to give bribes to my lawyer for it.
 
[Defense 
counsel]: All right. All right. What if - - what if your lawyer tells you, 
“Hey, they want you to spend two years in the Collin County jail”?
 
[Tiffany]: 
Well, then that’s what I’m going to have to do.
 
 
Later, 
the prosecutor stated,
  
[Prosecutor]: 
There’s one thing I want to let the appellate attorneys know, though, so that 
they can argue this.
The 
State has had no communication with Collin County. I have not, nor has anyone in 
our office.
 
         The 
Court: All right.
  
[Prosecutor]: 
And we’ve had no communication with this person’s - - this witness’ 
defense attorney either, nor have we made her any offers or suggested in any way 
that we would.
I 
told her, when we were talking, specifically, that I could not talk to her about 
the facts of this case.
 
The 
Court: All right.
 
[Prosecutor]: 
And that I would not do it, and that she was to notify her defense attorney that 
I would not be doing that.
 
 
        In 
order to impeach a witness with evidence of pending criminal actions, the 
proponent of the evidence must show that the evidence is relevant.  Woods 
v. State, 152 S.W.3d 105, 111 (Tex. Crim. App. 2004).  This is done by 
demonstrating that a nexus, or logical connection, exists between the pending 
charges and the witness’s potential motive or bias for the State, or testimony 
at trial. Carpenter v. State, 979 S.W.2d 633, 634 (Tex. Crim. App. 
1998).  Here, there was no indication that Tiffany expected to be rewarded 
for testimony favorable to the State or punished for testimony that was 
unfavorable to the State.  Singh did not establish a nexus between 
Tiffany’s testimony and the charges pending against her in Collin 
County.  See Woods, 152 S.W.3d at 112.  Thus, we hold that the 
trial court did not abuse its discretion by prohibiting Singh from 
cross-examining Tiffany concerning the unrelated charges pending against her in 
Collin County.
        Singh 
also argues that the trial court’s refusal to permit him to cross examine 
Tiffany about the Collin County charges pending against her violated his Sixth 
Amendment Confrontation Clause rights.  Cross-examination may be limited, 
however, without running afoul of the Confrontation Clause if it is not 
calculated to reveal bias or motive to testify falsely.  See Carroll v. 
State, 916 S.W.2d 494, 497-98 (Tex. Crim. App. 1996); Delamora v. State, 
128 S.W.3d 344, 365 (Tex. App.—Austin 2004, pet. ref’d); Stevenson v. 
State, 997 S.W.2d 766, 768 (Tex. App.—Houston [1st Dist.] 1999, pet. 
ref’d).  The Confrontation Clause does not prohibit a trial judge from 
imposing any limits on defense counsel's inquiry into the potential bias of a 
prosecution witness.  Delamora, 128 S.W.3d at 365.  Here, the 
cautious trial court permitted defense counsel to cross-examine Tiffany outside 
the jury’s presence and concluded that any cross examination concerning the 
pending charges in Collin County was not relevant to establishing a motive or 
bias by Tiffany in testifying favorably to the State and against Singh.  We 
hold that the trial court’s refusal to permit Singh to cross examine Tiffany 
regarding the charges pending against her in Collin County did not constitute an 
impermissible restriction of Singh’s rights under the Confrontation 
Clause.  We overrule Singh’s first point.
IV. Improper 
Closing Argument
        In 
his second point, Singh complains that the trial court erred by overruling his 
objection to a portion of the State’s closing argument.  The purpose of 
closing argument is to facilitate the jury’s proper analysis of the evidence 
presented at trial in order to arrive at a just and reasonable conclusion based 
solely on the evidence.  Barnes v. State, 70 S.W.3d 294, 308 (Tex. 
App.—Fort Worth 2002, pet. ref'd).  To be permissible, the State’s jury 
argument must fall within one of the following four general areas: (1) summation 
of the evidence, (2) reasonable deduction from the evidence, (3) answer to 
argument of opposing counsel, or (4) plea for law enforcement.  Felder 
v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied, 
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. 
App. 1973).
        The 
State is entitled to comment on the accused’s failure to produce testimony 
from sources other than himself when it is relevant to a disputed issue.  Patrick 
v. State, 906 S.W.2d 481, 490 (Tex. Crim. App. 1995), cert. denied, 
517 U.S. 1106 (1996).  A prosecutor’s comment about the subpoena power of 
the defendant is proper if it refers to the defendant’s failure to produce 
evidence from other sources.  Harris v. State, 122 S.W.3d 871, 884 
(Tex. App.—Fort Worth 2003, pet. ref’d).  Thus, a prosecutor’s 
comment is improper only if it points to the absence of evidence that could be 
supplied only by the defendant’s testimony.  Fuentes v. State, 991 
S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Harris, 
122 S.W.3d at 884.
        The 
following exchanges took place during the State’s closing argument:
  
[Prosecutor]: Do you have any evidence whatsoever that this child is such a bad 
person, such an evil person, that she’s made false accusations before, that 
she’s a bad or nasty person who would make up something like this knowing the 
consequences?  She’s 15.  She’s old enough to know about going to 
the penitentiary.  Any suggestion in her past or background that she is 
such a poorly brought-up human being that she would do such a thing?  
Didn’t hear anything, did you?  Why?  Because it’s not there.
  
[Defense 
counsel]: Excuse me, Judge.  I’m going to object.  She’s outside 
the record.
  
[Prosecutor]: 
Defense counsel --
  
The 
Court: All right.  Counsel, argue within the --
  
[Defense 
counsel]: I’d like a ruling on my objection, please.
 
The 
Court: Counsel, argue within the record.
 
[Defense 
counsel]: I’d ask that the jury be instructed to disregard the comment of the 
prosecutor.
  
The 
Court: All right.  Jury will so disregard the comment.
  
[Defense 
counsel]: And with all due respect, Judge, I don’t believe your instructions 
can cure the error, and I’m asking for a mistrial.
 
The 
Court: Denied.
 
[Defense 
counsel]: Thank you.
 
[Prosecutor]: 
The defense has an opportunity – they have a subpoena power equal to the 
State.  If they want to bring witnesses in, they may --
 
[Defense 
counsel]: Judge, I’m going to object again.  She’s going right back 
into what you just told her not to do.  I object to it.
 
[Prosecutor]: 
No, that’s --
 
The 
Court: Overruled. Let’s move along.
 
[Prosecutor]: 
If there are witnesses from the school, from the neighborhood, anywhere, that 
had a bad word to say about her, you --
 
[Defense 
counsel]: Judge, she’s outside the record.  She knows that I can’t do 
that.  And she’s --
 
[Prosecutor]: 
Objection, Your Honor.  That’s a misstatement.  That’s the 
absolute truth that he could do that.
 
The 
Court: All right.  Counsel, argue within the record.  Let’s move 
along.
 
[Defense 
counsel]: Would you instruct the jury, please, to disregard the comment of the 
prosecutor.
 
The 
Court: Jury will disregard any of the prosecutor’s comments that were outside 
the record.  Further, the jury will recall the evidence.[2]
  
        The 
prosecutor’s comment was not improper because, in referencing the defense’s 
subpoena power, the prosecutor pointed to the absence of testimony from sources 
other than Singh, specifically, witnesses from J.B.’s “school,” 
“neighborhood,” or “anywhere.”  See Harris, 122 S.W.3d at 
884.  We hold that the trial court did not err by overruling Singh’s 
objection to this argument.  We overrule Singh’s second point.
V. Conclusion
        Having 
overruled both of Singh’s points, we affirm the trial court’s judgment.
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
  
PANEL 
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005

 
NOTES
1.  
At the time of the offense J.B. was fourteen years old.
2.  
Defense counsel asserted three objections to the prosecutor’s argument.  
However, in his brief, he argues that the trial court erred by overruling his 
“objection,” and he does not state in his brief exactly which portion of the 
prosecutor’s argument he is contesting on appeal.  We therefore construe 
Singh’s argument as challenging the trial court’s decision overruling his 
objection to the prosecutor’s comment concerning the defense subpoena power 
because it is the only objection that the trial court expressly ruled on.