Anthony Steven Singh v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-338-CR

ANTHONY STEVEN SINGH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

A jury convicted Appellant Anthony Steven Singh of indecency with a child by contact, and the trial court sentenced him to twenty-five years’ confinement.  In two points, Singh complains that the trial court erred by refusing to allow a State’s witness to be cross-examined concerning her pending criminal charges and by overruling defense counsel’s objection to a portion of the prosecutor’s closing argument.  We will affirm.

II.  Factual Background

J.B. is a female minor
(footnote: 1) who lives in Seagoville with her mother and grandparents.  
She spent most of the day on December 25, 2002 (Christmas Day) at home opening presents, eating, and enjoying the holiday.  Tiffany Nichols, J.B.’s cousin, invited J.B. to spend the night with her in Arlington. Tiffany lived with her boyfriend, Steve, and his mother, Linda. 

That night, J.B., Tiffany, Steve, and Linda opened presents, cooked food, and watched a movie.  Linda’s boyfriend, Singh, arrived later in the evening. J.B. had met Singh on one previous occasion at her aunt’s house during Thanksgiving.  At the conclusion of the movie, Steve escorted Tiffany to an upstairs bedroom and left J.B. on the couch with the remote to the television; Linda and Singh had retired to Linda’s bedroom earlier.  Wearing sweat pants, a t-shirt, and underwear, J.B. fell asleep alone on the couch with a blanket and two couch pillows. 

J.B. awoke the following morning because Singh was kissing her ear, cheek, and lips and touching her breast, leg, and stomach.  Singh touched J.B.’s stomach under her clothing and her breast and leg over her clothing. Singh stopped and went to a bedroom only to return and continue this same line of conduct.  Singh attempted to touch J.B.’s breast under her clothing, but J.B. turned over on her side, crying, and told him to quit.  At this point, Singh told J.B. not to tell anyone, and then he left.  

J.B., crying, laid on the couch for a while before going upstairs to sleep on a sofa in the same bedroom where Tiffany and Steve were sleeping.  J.B. awoke later and told Tiffany and Steve what Singh had done.  Shocked and surprised, they informed Linda and then called Singh at work.  Singh stated that he had tried to wake J.B. in order to give her a pillow that had fallen on the floor.

Tiffany took J.B. to her mother, who was at work, and J.B.’s mother later took J.B. to the Arlington Police Department to report the incident.  J.B. later gave a statement and identified Singh from a photo spread.  Officers subsequently arrested Singh. 

III.  Limited Cross-Examination

In his first point, Singh argues that the trial court erred by refusing to allow defense counsel to cross-examine Tiffany about criminal charges pending against her in Collin County.  The State maintains that the trial court did not abuse its discretion because there is no evidence in the record that the pending charges generated bias in favor of the State
. 

A.  Standard of Review

We review a trial court’s ruling admitting or excluding evidence for an abuse of discretion.  
Prystash v. State
, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  Appellate courts should give great discretion to the trial courts in matters of relevancy, reversing only if the trial court acts outside “the zone of reasonable disagreement.”  
Montgomery
, 810 S.W.2d at 391.  Thus, so long as the trial court’s decision to admit or exclude evidence falls in the zone within which reasonable minds may differ, appellate courts should refrain from disturbing the trial court’s decision on appeal.  
Id
.;  
Karnes v. State
, 127 S.W.3d 184, 189 (Tex. App.—Fort Worth 2003, no pet.).

B.  No Evidence of Bias

The following exchange took place between Tiffany and defense counsel outside the presence of the jury:

[Defense counsel]: Well, what - - what I’m asking is, do you know whether or not these two prosecutors or anybody in this DA’s office here has made any contact - -

[Tiffany]: With the ones in Collin County.

[Defense counsel]: To maybe help you out on your case just a little bit.

[Tiffany]: No.

[Defense counsel]: You don’t know if that’s happened or hasn’t happened?

[Tiffany]: No.

[Defense counsel]: Okay

[Tiffany]: I mean, I - - I don’t know if it’s happened, but I’m pretty sure that it hasn’t.

[Defense counsel]: Okay.

[Tiffany]: Or else my lawyer would say something to me about it.

[Defense counsel]: Okay.  Would you like for that to happen?

[Tiffany]: No.

[Defense counsel]: You don’t want them to call the Collin County DA’s office to say, “Hey, she testified.  Won’t you help her out a little bit”?

[Tiffany]: No.

[Defense counsel]: Why not?

[Tiffany]: Because that’s my problem, and that’s what I got in trouble for, so I have to - - I don’t want other people to give bribes to my lawyer for it.

[Defense counsel]: All right.  All right.  What if - - what if your lawyer tells you, “Hey, they want you to spend two years in the Collin County jail”?

[Tiffany]: Well, then that’s what I’m going to have to do.

Later, the prosecutor stated,

[Prosecutor]: There’s one thing I want to let the appellate attorneys know, though, so that they can argue this.

The State has had no communication with Collin County.  I have not, nor has anyone in our office.

The Court: All right.

[Prosecutor]: And we’ve had no communication with this person’s - - this witness’ defense attorney either, nor have we made her any offers or suggested in any way that we would.

I told her, when we were talking, specifically, that I could not talk to her about the facts of this case.

The Court: All right.

[Prosecutor]: And that I would not do it, and that she was to notify her defense attorney that I would not be doing that.

In order to impeach a witness with evidence of pending criminal actions, the proponent of the evidence must show that the evidence is relevant.  
Woods v. State
, 152 S.W.3d 105, 111 (Tex. Crim. App. 2004).  This is done by demonstrating that a nexus, or logical connection, exists between the pending charges and the witness’s potential motive or bias for the State, or testimony at trial.  
Carpenter v. State
, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998).
  
Here, there was no indication that Tiffany expected to be rewarded for testimony favorable to the State or punished for testimony that was unfavorable to the State.  Singh did not establish a nexus between Tiffany’s testimony and the charges pending against her in Collin County.  
See Woods
, 152 S.W.3d at 112.  Thus, we hold that the trial court did not abuse its discretion by prohibiting Singh from cross-examining Tiffany concerning the unrelated charges pending against her in Collin County.

Singh also argues that the trial court’s refusal to permit him to cross examine Tiffany about the Collin County charges pending against her violated his Sixth Amendment Confrontation Clause rights.  Cross-examination may be limited, however, without running afoul of the Confrontation Clause if it is not calculated to reveal bias or motive to testify falsely.  
See Carroll v. State
, 916 S.W.2d 494, 497-98 (Tex. Crim. App. 1996); 
Delamora v. State
, 128 S.W.3d 344, 365 (Tex. App.—Austin 2004, pet. ref’d); 
Stevenson v. State
, 997 S.W.2d 766, 768 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  
The Confrontation Clause does not prohibit a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness.  
Delamora
, 128 S.W.3d at 365.  
Here, the cautious trial court permitted defense counsel to cross-examine Tiffany outside the jury’s presence and concluded that any cross examination concerning the pending charges in Collin County was not relevant to establishing a motive or bias by Tiffany in testifying favorably to the State and against Singh.  
We hold that the trial court’s refusal to permit Singh to cross examine Tiffany regarding the charges pending against her in Collin County did not constitute an impermissible restriction of Singh’s rights under the Confrontation Clause.  We overrule Singh’s first point.

IV.  Improper Closing Argument

In his second point, Singh complains that the trial court erred by overruling his objection to a portion of the State’s closing argument. 
 
The purpose of closing argument is to facilitate the jury’s proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence.  
Barnes v. State
, 70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref'd).  To be permissible, the State’s jury argument must fall within one of the following four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement.  
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992),
 cert. denied
, 510 U.S. 829 (1993);  
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

The State is entitled to comment on the accused’s failure to produce testimony from sources other than himself when it is relevant to a disputed issue.  
Patrick v. State
, 906 S.W.2d 481, 490 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996).  A prosecutor’s comment about the subpoena power of the defendant is proper if it refers to the defendant’s failure to produce evidence from other sources.  
Harris v. State
, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref’d).  Thus, a prosecutor’s comment is improper only if it points to the absence of evidence that could be supplied only by the defendant’s testimony.  
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999); 
Harris
, 122 S.W.3d at 884.

The following exchanges took place during the State’s closing argument:

[Prosecutor]: Do you have any evidence whatsoever that this child is such a bad person, such an evil person, that she’s made false accusations before, that she’s a bad or nasty person who would make up something like this knowing the consequences?  She’s 15.  She’s old enough to know about going to the penitentiary.  Any suggestion in her past or background that she is such a poorly brought-up human being that she would do such a thing?  Didn’t hear anything, did you?  Why?  Because it’s not there.

[Defense counsel]: Excuse me, Judge.  I’m going to object.  She’s outside the record.

[Prosecutor]: Defense counsel --

The Court: All right.  Counsel, argue within the --

[Defense counsel]: I’d like a ruling on my objection, please.

The Court: Counsel, argue within the record.

[Defense counsel]: I’d ask that the jury be instructed to disregard the comment of the prosecutor.

The Court: All right.  Jury will so disregard the comment.

[Defense counsel]: And with all due respect, Judge, I don’t believe your instructions can cure the error, and I’m asking for a mistrial.

The Court: Denied.

[Defense counsel]: Thank you.

[Prosecutor]: The defense has an opportunity – they have a subpoena power equal to the State.  If they want to bring witnesses in, they may --

[Defense counsel]: Judge, I’m going to object again.  She’s going right back into what you just told her not to do.  I object to it.

[Prosecutor]: No, that’s --

The Court: Overruled.  Let’s move along.

[Prosecutor]: If there are witnesses from the school, from the neighborhood, anywhere, that had a bad word to say about her, you --

[Defense counsel]: Judge, she’s outside the record.  She knows that I can’t do that.  And she’s --

[Prosecutor]: Objection, Your Honor.  That’s a misstatement.  That’s the absolute truth that he could do that.

The Court: All right.  Counsel, argue within the record.  Let’s move along.

[Defense counsel]: Would you instruct the jury, please, to disregard the comment of the prosecutor.

The Court: Jury will disregard any of the prosecutor’s comments that were outside the record.  Further, the jury will recall the evidence.
(footnote: 2)
 The prosecutor’s comment was not improper because, in referencing the defense’s subpoena power, the prosecutor pointed to the absence of testimony from sources other than Singh, specifically, witnesses from J.B.’s “school,” “neighborhood,” or “anywhere.”  
See Harris
, 122 S.W.3d at 884.  
We hold that the trial court did not err by overruling Singh’s objection to this argument.  We overrule Singh’s second point.

V.  Conclusion

Having overruled both of Singh’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 June 30, 2005

FOOTNOTES
1:
At the time of the offense J.B. was fourteen years old. 

2:
Defense counsel asserted three objections to the prosecutor’s argument.  However, in his brief, he argues that the trial court erred by overruling his “objection,” and he does not state in his brief exactly which portion of the prosecutor’s argument he is contesting on appeal.  We therefore construe Singh’s argument as challenging the trial court’s decision overruling his objection to the prosecutor’s comment concerning the defense subpoena power because it is the only objection that the trial court expressly ruled on.