**Affirmed and Opinion Filed December 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01224-CR

## TRAYVON DONTARIO HATTER, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause No. 199-80148-2014

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and O'Neill[1]
Opinion by Justice Stoddart

Trayvon Dontario Hatter waived his right to a jury trial and was convicted of aggravated robbery following a bench trial. The trial court assessed punishment at twenty-five years in prison. Hatter raises two issues on appeal: (1) accomplice witness testimony was not corroborated; and (2) the trial court erred by admitting hearsay testimony. We affirm the trial court's judgment.

### BACKGROUND

Hatter has two brothers, Robert Brooks and Charles Doyal. Both Hatter and Brooks are friends with the complainant, Ryan Iseghohi. Ryan was at his condominium one evening, with his sister, Anita Iseghohi, when Brooks came by to visit. Ryan's girlfriend, Deidra Lafferty,

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

came by later to watch TV. Ryan felt Brooks was acting suspiciously that evening. Brooks was walking in and out of the house talking on his phone and Ryan had to unlock the door and turn off his home alarm. Moments after Brooks came inside and went upstairs, two men wearing masks came in the house. One man had a gun and the other man had a knife. Ryan recognized Hatter as the man with the gun by his voice and his posture. Ryan thought it was a joke until the man with knife, later identified as Doyal, stabbed Ryan in the arm.

The men forced Ryan and Lafferty to the floor and covered their faces with a blanket. Hatter held the gun to the back of Ryan's head. Doyal went upstairs and brought Ryan's sister downstairs and made her lie on the floor with the others. Hatter and Doyal stole computers, electronics, clothing, money, and car keys from the victims. Ryan told police he believed that Brooks set up the robbery.

Brooks, who previously pleaded guilty to the aggravated robbery, agreed to testify in exchange for a reduced sentence of twenty-five years, instead of thirty-five years previously offered by the State. Brooks equivocated on whether Hatter was part of the robbery, but eventually admitted Hatter was one of the men in the masks.

### ACCOMPLICE TESTIMONY

In his first issue, Hatter argues that Brook's testimony implicating Hatter in the robbery was not corroborated.

A conviction cannot rest on the testimony of an accomplice unless corroborated by other evidence "tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). The corroborating evidence need not be sufficient, standing alone, to prove the defendant committed the offense beyond a reasonable doubt. *See Joubert v. State*, 235 S.W.3d 729, 731 (Tex. Crim. App. 2007) (per curiam). The non-accomplice evidence must

simply link the accused in some way to the commission of the offense and allow a rational fact-finder to conclude the evidence sufficiently tends to connect the accused to the offense. *See Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009). We consider the combined force of all the non-accomplice evidence that tends to connect the accused to the offense. *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011). "[W]hen there are conflicting views of the evidence—one that tends to connect the accused to the offense and on that does not—we will defer to the factfinder's resolution of the evidence." *Id.*

The evidence indicates Ryan was friends with Hatter before the robbery. When the two men entered his house, Ryan recognized Hatter by "his voice, his posture, just everything." Identification of a defendant's voice is evidence tending to connect the defendant to the offense if the witness, on a prior occasion, was in the defendant's presence and heard the defendant's voice. *Stevenson v. State*, 997 S.W.2d 766, 769 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also Simmons*, 282 S.W.3d at 509 (evidence that victim recognized defendant's voice as the voice of a man who asked for a ride hours before the robbery together with other non-accomplice evidence tended to connect defendant to the offense). A rational fact-finder could conclude Ryan's familiarity with Hatter and recognition of Hatter's voice tended to connect Hatter to the offense. *See Stevenson*, 997 S.W.2d at 769.

In addition, when Hatter was arrested, he was wearing a Detroit Lions hat with all the tags still on it. Ryan identified the hat as his hat that was stolen in the robbery. The fact-finder could rationally find that Hatter's possession of Ryan's recently-stolen property was a suspicious circumstance tending to connect Hatter to the offense. *See Simmons*, 282 S.W.3d at 509 (defendant's letter to accomplice could rationally be viewed as a suspicious circumstance).

Considering all the non-accomplice evidence together, we conclude a rational fact-finder could find that evidence tends to connect Hatter to the offense. *See id.* at 511. We overrule

Hatter's first issue.

## HEARSAY EVIDENCE

In his second issue, Hatter contends the trial court erred by overruling his hearsay objection to Anita's testimony that Ryan told her after the robbery he thought Hatter was one of the robbers.

During the State's redirect examination of Anita, she testified:

> Q. After this robbery, did you talk to Ryan and kind of gather details and exchange kind of what you thought had happened between the two of you?
>
> A. Yes.
>
> Q. Did Ryan tell you who he thought the person with the gun was?
>
> A. He told me it was Trayvon [Hatter].
>
> Q. Same Trayvon you identified in court here today?
>
> A. Yes. . . .
>
> . . .
>
> Q. So we were talking just now about how things happened and how you—you had a discussion with Ryan after the fact.
>
> Can you tell us about that?
>
> A. Okay. He—because I asked him—

At this point, defense counsel objected on hearsay grounds. The State argued the defense had "opened the door" to this evidence in cross-examination. The trial court overruled the objection. Anita then testified that after the robbery, Ryan told her he felt that Hatter had something to do with the robbery because Ryan "heard his voice, and [Ryan] could recognize his voice because they were friends."

We review the trial court's admission of evidence under an abuse of discretion standard. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). To preserve error in admitting evidence, a party must make a timely and proper objection and obtain a ruling. TEX. R. EVID.

–4–

103(a)(1); TEX. R. APP. P. 33.1(a). The party must object each time the inadmissible evidence is offered or obtain a running objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). "[E]rroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.'" *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error was harmless in light of "very similar" evidence admitted without objection). Thus, error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991), *superseded by statute on other grounds*, TEX. CODE CRIM. PROC. ANN. ART. 38.37 (West Supp. 2015).

We conclude that any error in admitting Anita's testimony was not preserved and was harmless because she testified without objection to similar evidence—that Ryan told her after the robbery he thought Hatter was the person with the gun. *See Coble*, 330 S.W.3d at 282; *Leday*, 983 S.W.2d at 718. We overrule Hatter's second issue.

## CONCLUSION

Having overruled all of Hatter's issues, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
141224F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

TRAYVON DONTARIO HATTER, Appellant

No. 05-14-01224-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-80148-2014.
Opinion delivered by Justice Stoddart.
Justices Fillmore and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of December, 2015.